UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES R. HERRICK,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CITY OF BELLINGHAM, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:25-cv-00085-LK<br><br>ORDER TO SHOW CAUSE |

      This matter comes before the Court on Magistrate Judge Grady J. Leupold's May 6, 2025 Order to Show Cause. Dkt. No. 4. In that Order, Judge Leupold cautioned Plaintiff Charles R. Herrick that "[t]he time for serving the summons and Complaint [has] expired," "no proof of service has been filed as to any named Defendant," and "no attorney has entered an appearance on behalf of the Defendants." *Id.* at 1. Judge Leupold therefore ordered Mr. Herrick to show cause "why the case should not be dismissed without prejudice for failure to timely serve" on or before May 28, 2025, *id.*, to which Mr. Herrick timely responded, Dkt. No. 5. However, Mr. Herrick did not provide good cause therein for an extension of time to serve Defendants, and still has failed to serve them despite Judge Leupold's order flagging the issue.

ORDER TO SHOW CAUSE - 1

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); se*e also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). And when, as here, "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, more than 90 days have elapsed since Mr. Herrick filed his complaint, and he has failed served any Defendant. *See* Dkt. No. 4 at 1 (flagging the same). Because Defendants have not waived service, Mr. Herrick must serve them as required by Federal Rule of Civil Procedure 4(m). In light of Mr. Herrick's pro se status, however, the Court will provide him with one more opportunity to comply with the Federal Rules of Civil Procedure, either by showing good cause for an extension of time within which he must serve Defendants or by providing proof of service.[1] The Court thus declines to discharge Judge Leupold's prior order, Dkt. No. 4, and instead further

---

[1] The Court notes that the United States District Court for the Western District of Washington's "Pro Se Guide," https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf, provides guidance for pro se litigants on various topics, including the service requirement.

ORDER TO SHOW CAUSE - 2

1  ORDERS Mr. Herrick, within 30 days of this Order, to show cause why the Court should not
2  dismiss his claims against Defendants without prejudice for failure to timely serve them, either by
3  filing proof of service or by requesting an extension for good cause of the 90-day filing period.
4  Mr. Herrick's response to this Order shall not exceed six pages. The Court will dismiss the case
5  without prejudice absent a timely response.
6      Dated this 16th day of July, 2025.

*[signature]*

Lauren King
United States District Judge